STATE, UNITED NEW JERSEY RAILROAD AND CANAL COM-
PANY, PROSECUTOR, v. BYRON BINNINGER, COLLECTOR
OF THE TOWNSHIP OF KEARNY.

1.  Writs of *certiorari* allowed in 1880, to bring up assessments made in
    1873, 1874 and 1875, dismissed for laches.
2.  Later assessments against the United Railroad and Canal Companies
    vacated, because the possession of the land assessed was appropriate
    to the enjoyment of the company's franchise.

On *certiorari.*

Six writs of *certiorari* were issued to remove the taxes
assessed in the township of Kearny, in Hudson county,
against the Pennsylvania Railroad Company, and which were
assessed in the years 1873, 1874, 1875, 1876, 1877 and 1878.
They were all returnable to November Term, 1878, and were,
by rule of court, consolidated.

Argued at June Term, 1880, before Justices Dixon and
Reed.

For the prosecutor, *I. W. Scudder.*

For the defendant, *W. B. Williams.*

The opinion of the court was delivered by

Reed, J.   The assessments for 1873, 1874, 1875 and 1877,
were upon a tract of land extending irregularly along the line
of the road of the prosecutor, containing ninety-five acres of
land, thirty-five acres of which is meadow.

The assessment for 1876 is upon a building and lot, a part
of said tract.   The assessment for 1878 is upon the thirty-
eight acres of meadow.

The first objection urged against the validity of this assess-
ment, which we will consider, is that the assessment was

State, United N. J. R. R. & C. Co., pros., v. Binninger.

made against the Pennsylvania Railroad Company, and not against the United New Jersey Railroad and Canal Company, because the latter company are the owners of the land assessed. But the first company are lessees, and as such, are taxable. *Rev.*, *p.* 1145, § 33; *State* v. *Blundell*, 4 *Zab.* 402.

The next reason is that the assessment does not designate any lots or subdivision of the ninety-five-acre tract. But the company, in the testimony taken, have treated the property as one tract, and have not shown its division into lots. Besides, a want of a particular description would only defeat the right to sell this land, and would not affect the assessment itself. *State, Morris Canal Co., pros.*, v. *Haight*, 6 *Vroom* 178.

The next reason—that the state, county and township taxes are blended—has no force. *State, Perkins, pros.*, v. *Bishop*, 5 *Vroom* 45.

The next reason—that the real and personal estate are blended—cannot be accepted as true in fact, for it sufficiently appears, from the whole case, that there was no personalty assessed.

The last and main contention of the prosecutors is, that the property assessed was reasonably incident to the enjoyment of the franchise of the prosecutors.

The prosecutors succeed the New Jersey Railroad and Transportation Company, in their immunity from taxation. The scope of that immunity has been discussed in the case of *State, N. J. R. R. & T. Co., pros.*, v. *Hancock*, 6 *Vroom* 537. It was held in that case, that the exempting clause in the charter, then and now under consideration, protected from taxation all property held by the company necessary to accomplish the end for which they were incorporated.

It was further held that the word "necessary," as used in this connection, did not mean indispensable, but only suitable and proper for carrying into execution the powers granted.

In the case of *State, Pa. R. R. Co., pros.*, v. *Elizabeth*, 12 *Vroom* 319, the same clause was again under consideration, and the liberal rule of construction announced in the preceding

case, was applied to the relief of several lots from taxation, the possession of which seemed appropriate to the enjoyment of the company's franchise.

The testimony in this case, relative to the use and the intended use of this land, is that of Mr. Richards, a civil engineer, and Mr. Wingate, a surveyor of the Pennsylvania railroad. Mr. Richards says: "The land now held, and not in use, is held for future improvements. There is not enough for the improvements in contemplation, and we are now nego-tiating for more. The design is now formed, and is to be carried out by running the passenger trains over a new bridge, &c. This is made necessary for the reason that the company is now cramped for room for freight tracks."

This, in connection with the remaining testimony, stand-ing, as it does, uncontradicted by any testimony on the part of the defendants, or any circumstances appearing in the case, is, I think, sufficient to show that, at the time this testimony was taken, this property was exempt from taxation. The witness was speaking of the intended use of the property, and the designs of the company in 1880. Now, while it would not be a strained inference that the same state of facts existed for a reasonable time before, yet it would be difficult to extend that period back to 1873. There is still another diffi-culty in the way of an avoidance of these earlier taxes. No reason is shown why they were not more promptly reviewed. These writs were not allowed till July, 1878.

In the case of *State* v. *Jersey City*, 12 *Vroom* 471, the prose-cutors sought to vacate assessments for several years—from 1870 to 1877. The court dismissed the writs bringing up the assessments for each year, excepting 1876 and 1877. Each case depends, to a degree, upon its own facts.

In this case, I think the writs bringing up the assessments of 1873, 1874 and 1875, should be dismissed.

As to the assessments for 1876, 1877 and 1878, all of said assessments except the part representing the abattoir property, should be vacated.

The abattoir property being rented, is taxable. Unless the value of this property can be fixed by agreement, it will be referred to a Supreme Court commission.